```
                  UNITED STATES BANKRUPTCY COURT
                  NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

IN RE:                           )    CASE NO. 11-51759-JRS
                                 )
BRIAN LEE WILLIS,                )
                                 )    CHAPTER 7
         Debtor.                 )
```

**TRUSTEE'S MOTION FOR AUTHORIZATION FOR PRIVATE
SALE OF CERTAIN REAL PROPERTY FREE
<u>AND CLEAR OF LIENS AND OTHER INTERESTS</u>**

Cathy Scarver, trustee of the estate for Brian Lee Willis ("Debtor"), through her undersigned attorneys, moves this Court for an Order authorizing the private sale of certain real property, free and clear of all liens and other encumbrances, with any such valid liens and encumbrances to attach to the proceeds of the sale. In support of this motion the trustee shows the Court as follows:

1.

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 21, 2011.

2.

The Debtor's estate owns a fee simple interest in a commercial real property lot located at 5424 Progress Court, Braselton, Hall County, Georgia 30517. The property is more particularly described in Exhibit "A" attached hereto (the "Property").

3.

Subject to approval by the Court, the trustee has entered into a Real Estate Purchase and Sale Agreement (the "Agreement") for the sale of the Property to MLT Motorsports, LLC ("Purchaser").

4.

The Purchaser appears to be qualified to purchase the Property.

5.

To the best of movant's information and belief, the Purchaser has no known affiliation or relationship to any creditor or party in interest. The Agreement was negotiated at arms' length and in good faith. A true and complete copy of the Agreement setting forth the terms and conditions of the proposed sale, is attached hereto as Exhibit "B". The Agreement states that a purchase price of fifty-two thousand dollars ($52,000.00) is to be paid to the seller in cash at closing.

6.

The Agreement provides for an initial earnest money deposit on the Property of $10,000.00 ("the deposit"). The deposit shall be held by Seller's attorney to be held in escrow.

7.

The sale price for the Property was determined utilizing various factors including, but not limited to:

a) Recent sales of comparable properties in the immediate area;

b) Economic conditions in the general area within which the Property is located; and

c) Knowledgeable advice provided by the estate's listing agent.

8.

To the best of Movant's knowledge, there are no liens against the property.  After an appropriate search of Hall County, Georgia public records, Movant is unaware of any alleged liens on the property.

9.

Certain unpaid ad valorem taxes for earlier years and prorated for 2015 (the "Ad Valorem Taxes") may attach to the Property.  These taxes for years prior to 2015 and prorated for 2015 shall be paid from Seller's funds at closing.

10.

The total sales commission of 10% will be paid to the Listing/Selling Agent(s) at the closing.  Purchaser shall be responsible for all other closing costs.

11.

Movant states that the purchase price as set forth herein will exceed all alleged liens and costs of sale and/or all alleged claimants will not oppose the sale.

12.

Movant has expended and will continue to expend substantial time to preserve the Property's value, for which compensation may be sought under 11 U.S.C. §506(c).

13.

A higher offer may be received prior to the Court approving the sale to Purchaser, and the trustee requests that the Court consider all bona fide offers.

14.

The sale proposed herein shall be free and clear of all liens and encumbrances of any kind, with any and all liens, security interests and encumbrances to attach to the proceeds to the same extent and priority as they existed prior to the sale.

15.

The sale is contingent upon approval of the Bankruptcy Court after notice and hearing.

16.

Trustee believes the sale of the Property pursuant to the Agreement is in the best interest of the estate.

WHEREFORE, the trustee prays that the Court will:

a) enter an Order authorizing the sale of the Property to MLT Motorsports, LLC pursuant to the Agreement, or to another party on terms as favorable to the estate;

b)  enter an order authorizing the Trustee to pay the Real Estate Agent's commission and to pay all prior year property taxes and pro-rate current year property taxes;

c)  enter an Order authorizing the Trustee to execute all documents in connection with the closing of the sale, including, if necessary, a power of attorney to allow original documents to be executed at closing, without Trustee traveling to the closing; and

d)  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of March, 2015.

*/s/ W. Russell Patterson, Jr.*
W. Russell Patterson, Jr.
Georgia Bar No. 566920
Attorney for Trustee

229 Peachtree Street, NE., Suite 2400
Atlanta, Georgia 30303-1629
(404) 588-0500
(404) 523-6714 (Fax)
wrpjr@rbspg.com

EXHIBIT "A"

All that tract or parcel of land lying and being in GMD 392 of Hall County, Georgia, being more particularly described as Lot 8, Raceway Technology Park, as per plat recorded at Plat Slide 286, Page 207A, Hall County Georgia Records, which plat is incorporated herein by reference and made a part hereof.

Being further described as Tract 1 transferred by Quit Claim Deed from Michelle S. Willis to Cathy L. Scarver as Trustee for the Bankruptcy Estate of Brian Lee Willis recorded on May 2, 2013 in Deed Book 7183 Page 163 *et seq.*, Hall County Records.

Exhibit "B"

Real Estate Purchase and Sale Agreement

REAL ESTATE PURCHASE AND SALE AGREEMENT

**Cathy L. Scarver as Chapter 7 Trustee for the Bankruptcy Estate of Brian Lee Willis**, Case No. 11-51759-JRS. United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (hereinafter "Seller") agrees to sell and MLT Motorsports, LLC, an Arkansas limited liability company (hereinafter "Buyer"), agrees to buy all that tract or parcel of land, with such improvements as are located thereon, described and known as:

Address:            5424 Progress Court

City/State/Zip:     Braselton, GA 30517

located in Hall County, State of Georgia, together with all fixtures, landscaping, improvements and appurtenances, all being hereinafter collectively referred to as the "Property." The full legal description of the Property is attached hereto as Exhibit "A".

1. The TOTAL PURCHASE PRICE IS $ 52,000.00 U.S. Dollars.

2. Said purchase price to be paid as follows:

   $ 10,000.00    Earnest money deposit (the "Earnest Money"), which shall be credited at the closing as part of the Buyer's purchase price. The Earnest Money shall be held by Seller's attorney in an escrow account, and shall be applied to the purchase price at closing, unless sooner returned, according to the provisions of this agreement.

   $ 42,000.00    Balance due at closing.

There are no contingencies on the purchase of this Property. Buyer's obligation to close this transaction is specifically and only conditioned upon the existence of a final sale order entered by the Bankruptcy Court in the Bankruptcy Case. Moreover, Buyer acknowledges that Seller cannot sell the Property without an Order by the Bankruptcy Court.

**3. CLOSING COSTS**: All closing costs shall be paid by the Buyer.

**4. CLOSING DATE**: This transaction shall be closed on or before ten days (10) after the Bankruptcy Court Order approving the sale has become a final order. The closing shall be at the office of the attorney selected by the Buyer. Buyer shall have the right and option to extend this closing date for an additional 10 days by paying to the Seller $1,000.00 (prior to said closing date), which shall increase the purchase price to $53,000.00.

**5. EARNEST MONEY AND BUYER'S DEFAULT**: At the time of delivery of the executed agreement, to Seller, Buyer shall deliver to Seller the Earnest Money in immediately available funds. Seller shall hold the Earnest Money in escrow until the closing of the sale of the Property to the Buyer. In the event **Buyer** fails to carry out and perform the terms of this Agreement and

Page 1 of 5

close the sale of the Property, the Earnest Money shall be forfeited as liquidated damages for such failure to close, at the option of **Seller,** the parties acknowledging the difficulty of ascertaining Seller's damages in such circumstances and that the amount specified as Earnest Money represents a reasonable good faith estimate by the parties of the amount of damages that Seller would incur in such event, whereupon neither party hereto shall have any further rights, claims or liabilities under this Agreement except for the provisions which are made to survive the termination or cancellation of this Agreement. Said liquidated damages shall be Seller's sole and exclusive remedy, and Seller shall expressly not have the right to seek specific performance. In the event the transaction contemplated hereby is not closed because of Seller's default, then the Earnest Money shall be refunded promptly to Buyer.

**6. PROPERTY SOLD "AS IS".** Property is sold in AS-IS condition with all faults.

**7. TRUSTEE'S DEED:** At closing Seller shall convey title by TRUSTEE'S QUIT CLAIM DEED to the Buyer. Seller shall also execute and deliver any and all customary and reasonable settlement documents (for a Chapter 7 Trustee) to complete the closing as may be reasonably required by the Buyer and the Buyer's attorney.

**8. PRORATIONS:** All taxes and association fees shall be prorated as of the day of closing.

**9. AGENCY AND BROKERAGE.** Seller has agreed to pay Listing Broker(s) a commission pursuant to a separate agreement entered into between the parties and incorporated herein by reference ("Listing Agreement"). The closing attorney is hereby authorized and directed to pay the Broker at closing.

**10. ENTIRE AGREEMENT**: This contract is the sole and entire agreement between the parties, any other agreements, oral or otherwise, are hereby merged and terminated into this agreement. This agreement may only be waived or modified in writing and signed by all parties hereto. This agreement shall be binding on all of the parties' heirs, successors and assigns.

**11. OTHER PROVISIONS:** This agreement shall not survive the real estate closing. This Agreement is intended as a contract for the purchase and sale of real property and shall be interpreted in accordance with the Laws of the State of Georgia. Time is of the Essence of this Agreement.

**12. ASSIGNMENT:** The obligations of the Buyer under the Agreement may not be assigned without the prior written consent of the Seller, which consent may be withheld for any reason or no reason. The rights of the Buyer under the Agreement may not be assigned without the prior written consent of the Seller, which consent shall not be unreasonably withheld. It is agreed, however, that Buyer may transfer the Buyer's rights under the Agreement, to any legal entity of which the Buyer owns at least 25%, provided however Buyer obtains written permission of the Seller to do so, which permission shall not be unreasonably denied.

**13. ACCESS AND INSPECTIONS:** Buyer shall have, at Buyer's expense, the privilege, during the term of this Agreement, at reasonable times during normal business hours, and with reasonable notice to the Seller or its agents, to go upon the Property with Buyer's agents,

representatives or designees to inspect, examine and survey the Property. Further, Buyer agrees to repair any damage caused to the Property by Buyer's agents, employees and independent contractors as a result of the surveying, inspection and testing of the Property so as to return the Property to its condition prior to such surveying, inspection and testing by Buyer's agents. Buyer indemnifies and holds Seller harmless from and against loss or damage Seller may incur and any and all liens that may arise as a result of Buyer's activities or the activities of Buyer's agents, representatives or designees on the Property and against any and all claims for death or injury to persons or properties arising out of or connected with Buyer's (or its agents, representatives or designees) going upon the Property pursuant to the provisions of this Paragraph 13 or otherwise, and against all costs, expenses and liability occurring in or in connection with any such claim or proceeding brought thereon, including, without limitation, court costs and reasonable attorney's fees.  This indemnity shall survive the Closing or any termination of this Agreement.

**14. TIME LIMIT OF OFFER:** This offer from Buyer shall be open for acceptance until on __February 27_____ , 2015.

**16. Additional Terms**: The following terms, if in conflict with any of the preceding, shall control:

    A) Bankruptcy Court Approval.  Buyer's and Seller's obligations under this Agreement are subject to Seller obtaining a bankruptcy court order approving the sale of the Property pursuant to the terms of this Agreement in connection with the pending Chapter 7 case of Brian Lee Willis.

    B) Seller shall transfer the Property via a Trustee's Quit Claim Deed, not general warranty deed.

    C) There shall be no Seller's Property Disclosure

    D) At the closing of this transaction, the Property is sold "AS IS" and "WHERE IS" with no warranty either express or implied.

    E) Seller is the Chapter 7 Trustee and will make no warranties of title or condition concerning the property, and Buyer acknowledges that Buyer is responsible to perform its own due diligence.

    F) All real estate taxes shall be prorated on the last known invoice(s).  Adjustments for tax prorations shall not survive closing.

    G) Other than the Indemnity provisions in Paragraph 13 herein, this Agreement of Sale shall not survive closing.

    H) Notices:  All notices, demands, deliveries of surveys, and any and all other communications that may be or are required to be given to or made by either party to the other in connection with this Agreement shall be in writing and shall be deemed to have been properly

given if delivered in person, by overnight delivery service prepaid, by nationally recognized air express carrier, or U.S. Postal Service, postage prepaid, registered or certified, return receipt requested, to the addresses set out below or at such other addresses as specified by written notice and delivered in accordance herewith:

**This is a binding legal document. If not understood any party should seek their own independent legal advice before signing. All parties acknowledge that by signing they have read, understood and agreed to this contract.**

IN WITNESS HEREOF, all the parties hereto affix their hands and seals this 3rd day of March, 2015.

SELLER: Cathy L. Scarver as and only as Chapter 7 Trustee for the Estate of Brian Lee Willis

BUYER: MLT Motorsports, LLC

_____ 3/3/15
Cathy L. Scarver as and only as   Date
Chapter 7 Trustee for the Estate
of Brian Lee Willis

By: _____ 2/20/15
Dr. Michael Thompson,   Date
Managing Member

Address and phone/fax numbers for Seller:

Address and phone/fax numbers for Buyer:

W. Russell Patterson, Jr.
Attorney for Trustee

Ragsdale Beals Seigler Patterson & Gray LLP
2400 International Tower Peachtree Center
229 Peachtree St., NE
Atlanta, GA 30303-1629
Phone: 404-588-0500
Fax:   404-523-6714

MLT Motorsports, LLC
2737 Paula Drive
Jonesboro, AR 72404
Office 870-932-0015
Fax 870-932-0015

Page 4 of 5

EXHIBIT "A"

All that tract or parcel of land lying and being in GMD 392 of Hall County, Georgia, being more particularly described as Lot 8, Raceway Technology Park, as per plat recorded at Plat Slide 286, Page 207A, Hall County Georgia Records, which plat is incorporated herein by reference and made a part hereof.

Being further described as Tract 1 transferred by Quit Claim Deed from Michelle S. Willis to Cathy L. Scarver as Trustee for the Bankruptcy Estate of Brian Lee Willis recorded on May 2, 2013 in Deed Book 7183 Page 163 *et seq.*, Hall County Records.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                            )     CASE NO. 11-51759-JRS
                                  )
BRIAN LEE WILLIS,                 )
                                  )     CHAPTER 7
        Debtor.                   )

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served all interested parties in the foregoing matter with a copy of the **Trustee's Motion for Authorization for Private Sale of Certain Real Property Free and Clear of Liens and Other Interests**, by depositing in the United States mail a copy of same in a properly addressed envelope with sufficient postage affixed thereon, addressed to:

United States Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

Cathy L. Scarver
PO Box 672587
Marietta, GA 30006

MLT Motorsports, LLC
c/o Dr. Michael Thompson
2737 Paula Dr.
Jonesboro, AR 72404

This 10th day of March, 2015.

                                    */s/ W. Russell Patterson, Jr.*
                                    William Russell Patterson, Jr.
                                    Attorney for Trustee
                                    Georgia Bar No. 566920

Ragsdale, Beals, Seigler, Patterson & Gray LLP
2400 International Tower Peachtree Center
229 Peachtree Street, NE
Atlanta, GA 30303-1629
(404) 588-0500
(404) 523-6714 (Fax)
E-Mail: wrpjr@rbspg.com